IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

THIRD DEGREE FILMS, INC.         :
                                 :
     v.                          :  Civil Action No. DKC 11-3007
                                 :
DOES 1-108                       :
                                 :

**MEMORANDUM OPINION**

Plaintiff Third Degree Films, Inc., filed this action for copyright infringement against 108 John Doe defendants. Presently pending and ready for review are five motions to quash or sever filed by Does 26, 31, 100, 102, and 106. (ECF Nos. 7, 8, 17, 20, 36). The issues have been briefed, and the court now rules, no hearing deemed necessary. Local Rule 105.6. For the following reasons, the motions to sever will be granted, and all other motions will be denied as moot. The claims against all Defendants except Doe 1 will be severed, and those Defendants will be dismissed without prejudice. Furthermore, all subpoenas seeking severed Defendants' personal identifying information will be quashed.

**I.   Background**

Plaintiff is a California-based corporation that owns the copyright to a movie titled *Illegal Ass 2* ("the Work"). The Doe Defendants are alleged to have illegally downloaded and/or

uploaded the Work using an internet protocol called BitTorrent. The Doe Defendants are identified in the complaint only by their internet protocol ("IP") addresses.  By using geo-location technology, which apparently allows a user to correlate an IP address to a physical location, Plaintiff has attempted to limit the Doe Defendants in this case to persons residing within this district.

The complaint, unless otherwise noted, describes BitTorrent as follows:  BitTorrent facilitates the sharing of large amounts of data across "Peer-to-Peer" networks on the internet.  To begin, an initial user decides to share a file (known as a "seed") with a torrent network.[1]  Other users (known as "peers") within the network then connect to the seed file for downloading.  Each peer downloads one piece of the seed file at a time.  As a piece of the seed file is downloaded, it is typically made available to other peers to download.  In other words, every downloader is also an uploader.  Thus, as the process continues, peers may receive pieces of the seed file from those who have already downloaded that piece and not necessarily from the initial seeder.  This system of multiple

---

[1] To join and interact with a BitTorrent network, a user must install a "client" (i.e., a software application) onto his or her computer.  (ECF No. 1-5, Nicolini Decl., ¶ 5).

pieces of data coming from various peers is called a "swarm."[2] With respect to any particular swarm, an alphanumeric representation (known as a "hash") of the shared file remains the same. (ECF No. 1-5 ¶ 6). A hash is essentially a "forensic digital fingerprint" that identifies a particular copy of a shared file. (ECF No. 1 ¶ 8).

Plaintiff alleges that the Doe Defendants "have not only swapped the same copyrighted work, they have swapped the exact same file." (*Id.*). Moreover, "[a]ll alleged infringers downloaded the same copyrighted work while trading in the same torrent." (*Id.*). To support this allegation, Plaintiff retained a firm called Copyright Enforcement Group, LLC ("CEG"), to identify the IP addresses of users who shared a copy of the Work with a particular hash via BitTorrent as well as the time and date of the alleged infringement. This information is publicly available. The actual names, addresses, telephone numbers, and email addresses associated with those IP addresses, however, are not.

On October 20, 2011, Plaintiff filed a complaint against the Doe Defendants alleging one count of copyright infringement. (ECF No. 1). On October 28, 2011, the court issued an order allowing Plaintiff to serve subpoenas on the internet service

---

[2] A swarm may endure for over a year depending on the popularity of the file being shared. (ECF No. 1-5 ¶ 6).

providers ("ISPs") listed in Exhibit A of the complaint to obtain the "names, current (and permanent) addresses, telephone numbers, e-mail addresses, and Media Access Control addresses" of the Doe Defendants. (ECF No. 6). Several Doe Defendants filed motions to quash the subpoenas or to sever.

On February 28, 2012, the court issued a memorandum opinion and order denying the motions to quash or sever pending at that time, holding in part that joinder for the limited purposes of serving the subpoenas on the Doe Defendants was proper. (ECF Nos. 31, 32). Several more motions to quash or sever have since become ripe for review: the motions of Does 26, 31, 100, 102, and 106. (ECF Nos. 7, 8, 17, 20, 36). Plaintiff has opposed each motion. (ECF Nos. 10, 11, 21, 22, 37). Only Doe 31 filed a reply. (ECF No. 38).

**II. Joinder and Severance**

District courts across the country are split regarding the question of whether joinder of unidentified defendants is appropriate in light of allegations of file-sharing of copyrighted works using BitTorrent, and no circuit court has yet addressed the issue. To date, several courts — including this and one other court in this district — have found joinder to be appropriate. *See, e.g.*, *Raw Films, Ltd. v. Does 1-15*, No. 11-7248, 2012 WL 1019067, at *3-5 (E.D.Pa. Mar. 26, 2012); *Third Degree Films v. Does 1-108*, No. DKC 11-3007, 2012 WL 669055, at

4

*4-5 (D.Md. Feb. 28, 2012); *Patrick Collins, Inc. v. Does 1-15*, No. 11-cv-02164-CMA-MJW, 2012 WL 415436, at *2-4 (D.Colo. Feb. 8, 2012); *Digital Sin, Inc. v. Does 1-176*, No. 12-CV-00126 (AJN), 2012 WL 263491, at *5 (S.D.N.Y. Jan. 30, 2012); *Third Degree Films, Inc. v. Does 1-118*, No. 11-cv-03006-AW, 2011 WL 6837774, at *1-3 (D.Md. Dec. 28, 2011); *K-Beech, Inc. v. Does 1-57*, No. 2:11-cv-358-FtM-36SPC, 2011 WL 5597303, at *6 (M.D.Fla. Nov. 1, 2011), *report and recommendation adopted by* No. 2:11-CV-00358-FtM-36SPC, 2011 WL 5597293 (M.D.Fla. Nov. 17, 2011); *Liberty Media Holdings, LLC, v. Swarm Sharing Hash File AE340D0560129AFEE8D78CE07F2394C7B5BC9C05*, 821 F.Supp.2d 444 (D.Mass. 2011); *Hard Drive Prods., Inc. v. Does 1-55*, No. 11 C 2798, 2011 WL 4889094, at *5 (N.D.Ill. Oct. 12, 2011); *OpenMind Solutions, Inc. v. Does 1-39*, No. C 11-3311 MEJ, 2011 WL 4715200, at *6-8 (N.D.Cal. Oct. 7, 2011); *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 15-16 (D.D.C. 2011); *Liberty Media Holdings, LLC v. Does 1-62*, No. 11cv 575 MMA (NLS), 2011 WL 1869923, at *5 (S.D.Cal. May 12, 2011).

Other courts, including two in this district, have found joinder to be improper. *See, e.g.*, *SBO Pictures, Inc. v. Does 1-57*, No. RWT 12cv22, 2012 WL 1415523, at *2 (D.Md. Apr. 20, 2012); *CineTel Films, Inc. v. Does 1-1,052*, --- F.Supp.2d ---, 2012 WL 1142272, at *2 (D.Md. Apr. 4, 2012); *Patrick Collins, Inc. v. Does 1-23*, No. 11-cv-15231, 2012 WL 1019034, at *3

(E.D.Mich. Mar. 26, 2012); *K-Beech, Inc. v. Does 1-41*, No. V-11-46, 2012 WL 773683, at *4 (S.D.Tex. Mar. 8, 2012); *Third Degree Films v. Does 1-131*, --- F.Supp.2d ---, 2012 WL 692993, at *3-5 (D.Ariz. Mar. 1, 2012); *Raw Films v. Does 1-32*, No. 1:11-CV-2939-TWT, 2011 WL 6840590, at *2 (N.D.Ga. Dec. 29, 2011); *SBO Pictures, Inc. v. Does 1-3,036*, No. 11-4220 SC, 2011 WL 6002620, at *2-4 (N.D.Cal. Nov. 30, 2011);³ *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 277 F.R.D. 672, 675-76 (S.D.Fla. 2011); *Hard Drive Prods., Inc. v. Does 1-30*, No. 2:11cv345, 2011 WL 4915551, at *2-4 (E.D.Va. Oct. 17, 2011).

In general, Federal Rule of Civil Procedure 20 permits a plaintiff to join parties in a single action if (1) a right to relief is asserted against the defendants with respect to the same transaction, occurrence, or series of transactions or occurrences; and (2) a common question of law or fact will arise in the action.  Fed.R.Civ.P. 20(a)(2); *see also Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 618 (4th Cir. 2001). "Application of [the 'transaction or occurrence'] test has generally proceeded on a case by case basis." *Saval v. BL, Ltd.*, 710 F.2d 1027, 1031 (4th Cir. 1983).  This test "would

---

³ Courts within the Northern District of California are also split amongst themselves with respect to this issue of "swarm"-based joinder. *Id.* at *3 (collecting cases).

6

permit all reasonably related claims . . . to be tried in a single proceeding." *Id.* (internal quotations omitted).

Importantly, Rule 20 grants courts "wide discretion concerning the permissive joinder of parties." *Aleman v. Chugach Support Servs., Inc.*, 485 F.3d 206, 218 n.5 (4th Cir. 2007). The permissive joinder rule is to be construed in view of its purposes "to promote trial convenience and expedite the final determination of disputes." *Id.* (internal quotations omitted). If the addition of parties would not promote these objectives - or if it would result in "prejudice, expense, or delay" - the court may deny joinder. *Id.* Pursuant to Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party."

In its February 28, 2012, opinion, this court expressed concern over the potential prejudice that the Doe Defendants might face as this case proceeds:

> [T]he court is well aware of the legitimate concerns of the Doe Defendants that their defenses will likely vary from each other and thus may invite prejudice because, among other reasons, "evidence may well be completely lost in a courtroom buzzing with more than a hundred others sued for downloading [the Work]."

*Third Degree Films, Inc.*, 2012 WL 669055, at *5 n.5. Indeed, "the reality is that each claim against each Doe involves

7

different facts and defenses." *CineTel Films, Inc.*, 2012 WL 1142272, at *5. It was initially expected that these defense-related issues would become apparent only after the Doe Defendants were identified and officially appeared in the action. At that point, this court predicted, severance would likely be necessary. *See Third Degree Films, Inc.*, 2012 WL 669055, at *5 n.5. Contrary to expectations, however, the motions to quash and sever have themselves presented a wide variety of factual and legal issues pertinent to this case. For example, in her motion to quash, Doe 100 identifies the family members who had access to her computer on the relevant date and explains that no one in her household could have downloaded the Work. (ECF No. 17). In contrast, Doe 102 explains that the IP address of his personal computer does not correspond with the IP address that his ISP used to identify him as a Doe defendant. (ECF No. 20). These starkly disparate factual scenarios immediately call into question whether the claims against Doe Defendants are "reasonably related" and should "be tried in a single proceeding." *See Saval*, 710 F.2d at 1031. Thus, the timeline for reconsidering permissive joinder has accelerated,[4] and the circumstances now tip the scales in favor of severance.

---

[4] Unlike other issues presented by this case, such as the merits of the motions to quash or sever, *see, e.g.*, *Third Degree Films, Inc.*, 2012 WL 669055, at *3-4, "the court does not need

In this regard, the court finds persuasive the reasoning of Judge Motz in *CineTel Films, Inc.*, 2012 WL 1142272. "[T]he significant factual and legal differences unique to the claims against, and defenses raised by, each Doe defendant . . . raises serious fairness concerns". *CineTel Films, Inc.*, 2012 WL 1142272, at *6. "To maintain any sense of fairness, each individual defendant would have to receive a mini-trial, involving different evidence and testimony. The enormous burden of a trial like this 'completely defeat[s] any supposed benefit from the joinder of all Does . . . and would substantially prejudice defendants and the administration of justice.'" *Id.* at *8 (quoting *Hard Drive Prods., Inc. v. Does 1-188*, 809 F.Supp.2d 1150, 1164 (N.D.Cal. 2011)).[5]

---

defendants' personal identifying information to evaluate joinder," *CineTel Films, Inc.*, 2012 WL 1142272, at *3.

[5] As Judge Motz further observed:

> The incredible burden a case like these places on the court cannot be overstated. *See On the Cheap*[*, LLC v. Does 1-5011*, --- F.R.D. ---], 2011 WL 4018258, at *2 [(N.D.Cal. Sept. 6, 2011)] ("If I allow this matter to proceed with about 5000 defendants, it will create a logistical nightmare with hundreds if not thousands of defendants filing different motions, including dispositive motions, each raising unique factual and legal issues that will have to be analyzed one at a time."). The burden is further compounded by the fact that the increased work resulting from mass

Moreover, the practical reality of these types of cases — which, as noted, have proliferated across the country — is that almost all end in settlement and few, if any, are resolved on their merits. *See SBO Pictures, Inc.*, 2011 WL 6002620, at *4. Against this backdrop, the risk of extortionate settlements is too great to ignore, especially when joinder is being used to that end. *See id.* ("[W]hile the courts favor settlements, filing one mass action in order to identify hundreds of doe defendants through pre-service discovery and facilitate mass settlement, is not what the joinder rules were established for." (internal quotations omitted)). Indeed, "the risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing." *CineTel Films, Inc.*, 2012 WL 1142272, at *4 n.3 (internal quotations omitted). Given this risk, it is patently unfair to permit Plaintiff to "receive a windfall, . . . securing all the necessary personal information for settlement without paying

---

> joinder requires no additional payment beyond the one-time $350 filing fee. Plaintiffs therefore in no way compensate financially for this significant drain on judicial resources.

*CineTel Films, Inc.*, 2012 WL 1142272, at *8 n.4.

10

more than a one-time filing fee." *Id.; see also SBO Pictures, Inc.*, 2011 WL 6002620, at *4 ("[T]he potential for coercing unjust settlements from innocent defendants trumps Plaintiff's interest in maintaining low litigation costs."). To be clear, the court is available to Plaintiff to enforce its copyright, but Plaintiff must separately file individual cases against each Doe Defendant. The joinder mechanism cannot be permitted in these circumstances.

In sum, the purpose of Rule 20 is not fulfilled by joining all Doe Defendants in a single proceeding. Instead, the experience of this court has proven that the countervailing concerns of "prejudice, expense, or delay," *see Aleman*, 485 F.3d at 218 n.5, substantially outweigh any convenience that was originally anticipated. Joinder is thus improper. All the claims of all Doe Defendants except for Doe 1 will be severed from the case, and those Doe Defendants will be dismissed without prejudice.

### III. Conclusion

For the foregoing reasons, the motions to sever filed by Defendants John Doe 31 and 106 will be granted. All other motions will be denied as moot. A separate order will follow.

                                                                  /s/
                                       DEBORAH K. CHASANOW
                                       United States District Judge